UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PEREZ, | No. 2:14-cv-1357 JAM DAD P |
| Petitioner, | |
| v. | ORDER AND |
| JOE A. LIZARRAGO, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the court will grant petitioner's application to proceed in forma pauperis. See 28 U.S.C. § 1915(a).

**BACKGROUND**

In his petition, petitioner challenges a 2001 judgment of conviction entered against him by the San Joaquin County Superior Court for corporal injury on a cohabitant, assault with a deadly weapon, and making criminal threats. The trial court found that petitioner had suffered two prior serious felony convictions and sentenced petitioner to eighty years to life in state prison. Petitioner unsuccessfully appealed his judgment of conviction. (Pet. at 1-2 & Attachs.)

/////

1

1    On July 3, 2007, petitioner filed a federal petition for writ of habeas corpus in this court
2 challenging this same 2001 judgment of conviction and sentence.  See Perez v. Adams, No. 2:07-
3 cv-1344 MCE GGH P.[1]  In that case, Magistrate Judge Gregory G. Hollows issued findings and
4 recommendations, recommending that respondent's motion to dismiss the petition as time-barred
5 be granted.  On May 8, 2009, District Judge Morrison C. England adopted those findings and
6 recommendations in full, granted respondent's motion to dismiss, and dismissed petitioner habeas
7 action with prejudice.  Petitioner appealed, and the Ninth Circuit Court of Appeals affirmed.

8    On June 27, 2011, petitioner filed a second federal petition for writ of habeas corpus in
9 this court again challenging his 2001 judgment of conviction and sentence.  See Perez v.
10 Unknown, No. 2:11-cv-1729 MCE GGH P.  In this second case, Magistrate Judge Hollows issued
11 findings and recommendations, recommending that petitioner's successive petition be dismissed
12 without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing
13 petitioner to file a successive petition.  On August 18, 2011, District Judge England adopted the
14 findings and recommendations in full and dismissed the action without prejudice.

## ANALYSIS

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed. . . ." 28 U.S.C. § 2244(b)(2).  This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

/////

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

28 U.S.C. § 2244(b)(2). Before filing a second or successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As noted above, the court's own records reveal that petitioner previously filed two separate petitions for writ of habeas corpus in this court attacking the same state court conviction and sentence that he now seeks to challenge in this federal habeas proceeding. In his first previously-filed habeas action, this court dismissed petitioner's application for writ of habeas corpus with prejudice because it was time-barred. See Perez v. Adams, No. 2:07-cv-1344 MCE GGH P. For purposes of 28 U.SC. § 2243(b)(3), the court dismissed petitioner's previously-filed action on the merits, and therefore, petitioner was required to obtain authorization from the Ninth Circuit before filing his petition in this court. See McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009) ("failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA"). In his second previously-filed habeas action, this court dismissed petitioner's application for writ of habeas corpus as second or successive.

In this case too, the court will recommend that the pending petition be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a second or successive federal habeas petition. To date, petitioner has not obtained an order from the Ninth Circuit authorizing the district court to consider a second or successive petition as required to proceed with this habeas action. Accordingly, this court lacks jurisdiction to entertain the now pending petition. See Burton v. Stewart, 549 U.S. 147, 152 (2007).

**CONCLUSION**

IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis (Doc. No. 2) is granted.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a second or successive petition; and

   2. This action be closed.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

   In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  September 26, 2014

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
pere1357.156